**ERWIN et al.**

**v.**

**TRI STATE PLUMBING & HEATING CORP.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

As Modified on Denial of Rehearing June 4, 1954.

Diederich & Lycan, Ashland, Smith, Reed & Leary, Frankfort, for appellants.

Leonard C. Fielder, Ashland, for appellee.

CULLEN, Commissioner.

The Tri State Plumbing and Heating Corporation recovered judgment against Mrs. Emma H. Erwin in the sum of $4,664, for plumbing work done in connection with the construction and equipping of a plant for the processing and sale of milk and milk products. $664 of the judgment was for a balance due under a $2,500 written contract for the basic plumbing work, and $4,000 was for "extras". Mrs. Erwin has appealed, claiming that she should have

been relieved of liability for the $664 because of defective workmanship under the original contract, and that the allowance of $4,000 for extras is excessive.

The alleged defective workmanship relates to the drainage of the pasteurizing room. It appears that water stands on the floor and seeps into an adjoining room, because the floor does not have sufficient slope toward the floor drain. However, when the water is swept to the drain, it is adequately carried away by the drain. The milk plant was constructed in an old church building, and the plumber's contract required him to break up parts of the old concrete floor and install the floor drain. But the contract did not require the plumber to re-lay the floor, and in fact that work was done by another contractor. The drain is below the level of the floor and the evidence indicates that the drainage failure is due to lack of sufficient slope in the floor. We think the evidence supports the finding of the lower court that the plumber is not chargeable with defective workmanship as concerns the floor drain.

The plumber had sought to recover $4,913.61 for "extras," which sum consisted of $1,794.11 for material and $3,119.50 for labor. The court submitted the case to a commissioner, who made a report reviewing the evidence and recommending an allowance of $1,550 for materials and $2,450 for labor, making a total of $4,000. The court entered judgment in accordance with the commissioner's findings and recommendations.

Three expert witnesses testified as to what they would consider to be reasonable charges for the extra work. Their estimates concerning a fair charge for the materials varied from a low of $1,419 to a high of $2,140. The commissioner's figure of $1,550 therefore must be considered to

be fully supported by the evidence. Mrs. Erwin contends that the estimates of the three witnesses were based on retail prices, whereas the plumber had agreed to furnish the materials at wholesale cost, but her testimony as to such an agreement was contradicted, leaving an issue of fact upon which we cannot say the finding of the lower court was erroneous.

The three expert witnesses estimated the fair charge for labor to be $1,960 to $2,140. These figures included an overall profit for the plumber in addition to a profit on each laborer's hourly wage. Notwithstanding that the top estimate of the expert witnesses was $2,140, and notwithstanding that the commissioner stated in his report that the witness who made the low estimate of $1,960 "impressed me as a witness who was trying to arrive at the true facts and I must give considerable weight to his testimony," the commissioner reached a figure of $2,450 for labor. It appears that the commissioner may have been confused about an item for the cost of installing a "burner," because he included this cost in the total estimate of one of the witnesses as to the cost of the extra work, although the evidence shows clearly that the installation of the burner was included on the basic written contract and was not in the category of an extra.

In view of the estimates of the three expert witnesses as to a fair charge for the labor, and in view of the fact that a substantial portion of the plumber's bill for labor was for "supervision" which he did not support by adequate proof of the number of hours devoted to supervisory work, we think that an allowance for labor in excess of $2,000 cannot be justified.

The judgment is reversed, with directions that the amount of the judgment be reduced by $450.